UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JEREMY BLUE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:24-cv-00359-JPH-MKK |
| | ) |
| INDIANA DEPARTMENT OF CORRECTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER SCREENING COMPLAINT
AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Jeremy Blue alleges in his Complaint, dkt. 1, that he has received inadequate food, was subjected to excessive force in retaliation for filing grievances, and experienced inadequate conditions of confinement in a strip cell while incarcerated at Wabash Valley Correctional Facility. Because Mr. Blue is a "prisoner," this Court must screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim

1

to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. Complaint

Mr. Blue's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). The complaint names twenty-four defendants: (1) Robert E. Carter, Jr; (2) Frank Vanihel; (3) Michael Ellis; (4) Lt. Timothy Leffler; (5) Officer Noah Long; (6) Officer Jacquelyn Pirtle; (7) Chief Food Director, Daniel Bedwell; (8) Officer Wolf; (9) Sgt. D'Angelo; (10) Sgt. Angeles; (11) Sgt. Pagent; (12) Sgt. Carter; (13) Sgt. Zimmerman; (14) Sgt. Mejean ; (15) Sgt. Devenlin; (16) Officer T. Wright; (17) Officer Z. Bedwell; (18) Officer Neff; (19) Officer Westcott; (20) Officer Crawford; (21) Officer K. Stone; (22) Officer Newby; (23) Officer D. Smith; and (24) Sgt. K. Smith. Dkt. 1 at 1–3. Mr. Blue seeks compensatory damages. Dkt. 1 at 8.

Mr. Blue's complaint centers on three main issues. First, Mr. Blue describes ongoing issues with his food. *See* Dkt. 1. Mr. Blue eats a vegetarian-lacto-ovo diet, *id.* at 4, but was still receiving meat. *Id.* at 6. From March through June of 2024, Mr. Blue received small portions or meals with the incorrect diet, and sometimes never received his meals. *Id.* All the defendants

2

refuse to wear hair nets, beard nets, or change their gloves when they collect trays and trash even though they also pass out meals with those gloves. *Id.* at 5–6.

Mr. Blue specifically recalled an incident where Officer Pirtle and Officer Long did "sick things" to his food and denied him breakfast. *Id.* at 5. On June 27, 2024, Officer Long refused to wear gloves when delivering Mr. Blue's food. *Id.* Mr. Blue also states that Officer D. Smith is "a big part of refusing me my diet, meals, etc." *Id.* Mr. Blue explained that he grieved to each sergeant and lieutenant named, as well as Warden Vanihel, Michael Ellis, and Robert Carter. *Id.* Mr. Blue has been labeled a snitch for writing grievances. *Id.*

Second, on one occasion Mr. Blue was sprayed by Officer Wolf after grieving about the problems with his meals. *Id.* at 4.

Third, in June of 2024 Mr. Blue was kept for 16 days in a strip cell, deprived of his property and hygiene products, and not allowed to shower. *Id.* at 4–6. Mr. Blue was not afforded the opportunity to brush his teeth or change his clothing/underwear. *Id.* at 5.

During this time, Mr. Blue's meals were thrown on the floor, his diet was improperly changed, and he had to eat with his hands. *Id.* at 4, 6. Mr. Blue was supposed to get a spork, cup, change of clothes, towels, and hygiene products, but did not receive these items. *Id.* Also, he was supposed to receive salt and pepper with each meal, and coffee, milk, and juice at each breakfast, but received no salt or pepper, and only juice at breakfast. *Id.* Mr. Blue believes that the wardens, lieutenants, sergeants, and officers deliberately

chose to violate his rights and to encourage the situation rather than fix it. *Id.* at 7.

### III. Discussion of Claims

As an initial matter, all claims against individual defendants Robert E. Carter, Jr; Frank Vanihel; Michael Ellis; Lt. Timothy Leffler; Daniel Bedwell; Sgt. D'Angelo; Sgt. Angeles; Sgt. Pagent; Sgt. Carter; Sgt. Zimmerman; Sgt. Mejean; Sgt. Devenlin; Officer T. Wright; Officer Z. Bedwell; Officer Neff; Officer Westcott; Officer Crawford; Officer K. Stone; Officer Newby; and Sgt. K. Smith must be **dismissed.**

Mr. Blue's complaint makes no specific factual allegations against these defendants. "For constitutional violations under § 1983 or Bivens, a government official is only liable for his or her own misconduct." *Locke v. Haessig*, 788 F.3d 662, 669 (7th Cir. 2015) (cleaned up). Thus "[a] damages suit under § 1983 requires that a defendant be personally involved in the alleged constitutional deprivation." *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014); *see Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'").

Plaintiff does list out each defendant, alleging that they are responsible for the constitutional deprivations. However, Plaintiff sets forth no factual allegations of misconduct on behalf of any of these defendants. Further, failure to respond to complaints or grievances generally is not enough to establish personal liability. "A guard who stands and watches while another guard beats

a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not." *George v. Smith*, 507 F.3d 605, 609–10 (7th Cir. 2007).

If an official, who is not otherwise responsible for allegedly unconstitutional conditions or actions, could be held liable upon being notified by the plaintiff, then a plaintiff could choose to bring any and all officials within the scope of liability simply by writing a series of letters. To allow liability to be based upon "such a broad theory . . . [would be] inconsistent with the personal responsibility requirement for assessing damages against public officials in a § 1983 action." *Crowder v. Lash*, 687 F.2d 996, 1006 (7th Cir. 1982); *Vance v. Rumsfeld,* 701 F.3d 193, 204 (7th Cir. 2012) (en banc) (knowledge of subordinates' misconduct is not enough for liability). Accordingly, all claims against defendants Robert E. Carter, Jr; Frank Vanihel; Michael Ellis; Lt. Timothy Leffler; Daniel Bedwell; Sgt. D'Angelo; Sgt. Angeles; Sgt. Pagent; Sgt. Carter; Sgt. Zimmerman; Sgt. Mejean; Sgt. Devenlin; Officer T. Wright; Officer Z. Bedwell; Officer Neff; Officer Westcott; Officer Crawford; Officer K. Stone; Officer Newby; and Sgt. K. Smith are **dismissed**.

Similarly, all claims related to the strip cell are **dismissed** because Plaintiff does not identify any particular defendant related to that incident. "[I]ndividual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). "The plaintiff must demonstrate a causal connection between (1) the sued officials and (2) the

5

alleged misconduct." *Id.* For a public official to be individually liable for a subordinate's constitutional violation, the official must both "(1) know about the conduct and (2) facilitate, approve, condone, or turn a blind eye toward it." *Gonzalez v. McHenry County*, 40 F.4th 824, 828 (7th Cir. 2022).

The following claims shall proceed:

- An Eighth Amendment excessive force claim and First Amendment retaliation claim **shall proceed** against Officer Wolf.

- An Eighth Amendment deliberate indifference claim **shall proceed** against Officer Jacquelyn Pirtle and Officer Noah Long for their mishandling of Mr. Blue's food and failing to deliver his breakfast.

- An Eighth Amendment deliberate indifference claim **shall proceed** against Officer D. Smith for refusing Mr. Blue his meals and refusing to adhere to his vegetarian-lacto-ovo diet.

All other claims are **dismissed**. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have through **January 6, 2025**, in which to file a motion to reconsider the screening order.

### IV. Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to Defendants Wolf, Pirtle, Long, and D. Smith in the manner specified by Rule 4(d). Process shall consist of the complaint filed on July 16, 2024, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the Indiana Department of Correction employees electronically. The **clerk is directed** to terminate defendants Robert E. Carter, Jr; Frank Vanihel; Michael Ellis; Lt. Timothy Leffler; Daniel Bedwell; Sgt. D'Angelo; Sgt. Angeles; Sgt. Pagent; Sgt. Carter; Sgt. Zimmerman; Sgt. Mejean; Sgt. Devenlin; Officer T. Wright; Officer Z. Bedwell; Officer Neff; Officer Westcott; Officer Crawford; Officer K. Stone; Officer Newby; and Sgt. K. Smith.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 12/6/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JEREMY BLUE
245250
WABASH VALLEY - CF
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
CARLISLE, IN 47838

Electronic Service to Indiana Department of Correction:
    Officer Wolf
    Officer Jacquelyn Pirtle
    Officer Noah Long
    Officer D. Smith
    (All at Wabash Valley Correctional Facility)